IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RACHEL CARNEY,

    Plaintiff,

v.

KPMG LLP,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rachel Carney ("Plaintiff" or "Ms. Carney"), by and through undersigned counsel, and files her Complaint for Damages against Defendant KPMG LLP ("Defendant" or "KPMG"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for gender discrimination, equal pay violations, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and the Equal Pay Act of 1963, 29

U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA") and unlawful discrimination based on race and national origin and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981, *et. seq.*

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendant resides within the Northern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is a domestic limited liability company licensed to conduct business in this district.

6.

Defendant employed Plaintiff during the relevant time period.

7.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District

8.

Defendant is now and, at all times relevant hereto, has been a corporation engaged in an industry affecting commerce.  During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant is a governed by and subject to the EPA, 29 U.S.C. § 206(d) and § 215(a)(3).

10.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under 42 U.S.C. § 12111(4).

11.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, at 289 S Culver St, Lawrenceville, Gwinnett, GA, 30046-4805.

## ADMINISTRATIVE PROCEDURES

12.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 15, 2020.

13.

The EEOC issued a "Notice of Right to Sue" on September 16, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

14.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

15.

On December 10, 2018, Plaintiff, a white and American woman, began working for Defendant as a Manager on the Dynamics Team.

16.

Plaintiff was the only female on a team of four managers on the Dynamics Team.

17.

All managers had the same duties, and Plaintiff was the most experienced and regarded as the most knowledgeable on the team.

18.

Plaintiff and the other managers performed the same or similar work.

19.

The male managers were allowed to voice their concerns but whenever Plaintiff did, she was told she was causing drama and was called the "drama girl."

20.

On June 6, 2019, Plaintiff underwent an ankle surgery and was out of the office on leave through August 26, 2019.

21.

In September 2019, Defendant told Plaintiff that it was denying her a yearly raise because she was out for ankle surgery from June to August 2019.

22.

Plaintiff met all requirements for the raise despite her time away from work.

23.

In her 2019 raise meeting, Plaintiff was told that when she was hired, she was hired at the top pay bracket.

24.

Plaintiff was the only team member of four managers at her level to not receive a raise in September 2019.

25.

Other male employees who took time off were not denied yearly raises.

26.

Plaintiff had a client "Go Live" event on October 1, 2019, which, during Plaintiff's medical leave, was managed by Mr. Rohit Ravindran, Advisory Managing Director and Mr. Giridhar Prashant, Director.

27.

Both Mr. Ravindran and Mr. Prashant are South Asian.

28.

Plaintiff learned there were serious ongoing issues and major delays with the client's installations.

29.

Plaintiff reported these issues to Ms. Judy DiSaverio, Manager and Career Mobility Advisor.

30.

No action was taken as result of her reports to Ms. DiSaverio.

31.

Plaintiff also learned that Defendant had a conflict of interest concerning the management of the project and a third-party vendor.

32.

When Plaintiff reported the conflict of interest to Mr. Ravindran, Plaintiff was told to stay out of it and that there was a lot of history that she did not understand because she was not there.

33.

Each time Plaintiff attempted to address the conflict of interest; Mr. Ravindran told her she was "causing a fuss just to get attention."

34.

Plaintiff reported to Mr. Ravindran's boss and reported the ongoing issues regarding her client's installation and the lack of response at the management level to Mr. Rick Cimino, Partner Advisory.

35.

On or about November 7, 2019, following the meeting between Mr. Cimino and Plaintiff, Plaintiff received a call from Mr. John Mulhall, Partner, who was Mr. Ravindran's superior.

36.

Mr. Mulhall asked Plaintiff to meet with him on-site in New York.

37.

At the meeting, Plaintiff expressed the same ongoing issues with her client's installation and her managers, Mr. Ravindran and Mr. Prashant, to Mr. Mulhall.

38.

Mr. Mulhall told Plaintiff that the issues she was complaining of were based on cultural differences and, more specifically, that Mr. Ravindran and Mr. Prashant's had issues with working with women.

39.

Mr. Mulhall also expressed that Plaintiff's "strong and direct personality"

was part of Mr. Ravindran's and Mr. Prashant's issues with her.

40.

The other three male managers working on the team with Mr. Ravindran and Mr. Prashant also have "strong and direct" personalities.

41.

Plaintiff told Mr. Mulhall that she was offended by this, and that she believed that this was discrimination because of her gender and race.

42.

Within two weeks of meeting with Mr. Mulhall, Mr. Ravindran and Mr. Prashant took her off all internal projects and stopped including her in any meetings that she had previously been attending.

43.

Additionally, despite asking Mr. Ravindran, Mr. Prashant, and others on her team, no one would assist her with addressing continuing client needs and she was told on team phone calls that they did not have the resources or skill level to help.

44.

Throughout December 2019 and January 2020, Plaintiff reported the retaliatory actions taken against her again to Ms. Disavario.

45.

In June 2020, Plaintiff learned that all her male counterparts were making at least $165,000, $15,000 more per year than she was.

46.

Mr. Decker had half of the experience of Plaintiff and was newly hired. Mr. Decker had already been kicked off of two clients.

47.

Additionally, Mr. Shaun McMickle, a new hire onto Plaintiff's team in October 2019, was making $160,000.

48.

Plaintiff was considered the most knowledgeable on her team, which was even written in her most recent performance review.

49.

In June 2020, after learning she was the lowest paid team member despite her work experience, Plaintiff made a written discrimination complaint to Human Resources Ethics Compliance Group,

50.

In her complaint, in addition to complaining that she was not being paid equally, Plaintiff reported major concerns with client handling issues and related to

management conflict of interest issues and project completion issues.

51.

In the report, Plaintiff reported that Mr. Ravindran and Mr. Prashant lacked integrity, disrespected her, discriminated against her based on her sex, would not accept women's roles in U.S. culture, and had conflicts of interest.

52.

Following Plaintiff's filing of the discrimination and harassment complaint, Defendant took away Plaintiff's support team (team of three) and her projects, which was referred to as a "PML."

53.

Plaintiff was then assigned to projects that were failing or that no other managers wanted.

54.

Mr. Prashant told Plaintiff in an email that she needed to look for another team to work with.

55.

Plaintiff never received any bonuses, raises, or promotions despite qualifying for these incentives.

56.

Defendant's response to Plaintiff's reports of discrimination were that she was causing "drama" by Mr. Ravindran and Mr. Prashant.

57.

In June 2020, Attorney Daniel Becker, in Ethics Group, interviewed Plaintiff to purportedly investigate her report.

58.

In August 2020, Plaintiff inquired with Mr. Becker about the status of the investigation, and she was told by Mr. Becker that "these things take time."

59.

Plaintiff was also told by Mr. Becker that he cannot share any details of the investigation but that they are "looking into it."

60.

In August 2020, Plaintiff learned that two managers had been promoted to Director while Plaintiff was passed over for the promotion.

61.

Plaintiff was treated less favorably than her male coworkers.

62.

Defendant paid Plaintiff less than her male counterparts for similar or equal

work.

63.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

64.

Others outside the Plaintiff's protected class were treated differently.

## **CLAIMS FOR RELIEF**

## **COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

65.

Plaintiff re-alleges preceding paragraphs 15-64 as if set forth fully herein.

66.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment – including paying her less than her male counterparts because of her gender – constitutes unlawful discrimination on the basis of sex in violation of Title VII.

67.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

68.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

69.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

70.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

71.

Plaintiff re-alleges paragraphs 15-64 as if set forth fully herein

72.

Defendant's actions, as detailed above, in retaliating against Plaintiff because of her protected activity constitutes unlawful and intentional retaliation in violation of Title VII.

73.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

74.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT III:  VIOLATION OF THE EQUAL PAY ACT

75.

Plaintiff re-alleges paragraphs 15-64 as if set forth fully herein.

76.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing substantially similar work.

77.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

78.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees, and costs of litigation as a result of the Defendant's violation.

## COUNT IV:  RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

79.

Plaintiff re-alleges paragraphs 15-64 as if set forth fully herein.

80.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity (complaining to management about unequal pay) constitutes unlawful intentional retaliation in violation of the Equal Pay Act.

81.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

82.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT V:  VIOLATION OF 42 U.S.C. § 1981

83.

Plaintiff re-alleges paragraphs 15-64 as if set forth fully herein.

84.

Plainitff is White and American.

16

85.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

86.

Plaintiff performed her contractual obligations.

87.

Defendant subjected Plaintiff to unlawful discrimination and harassment on the basis of her race (White) and vis-à-vis national origin (American).

88.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race and national origin in violation of 42 U.S.C. § 1981.

89.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race and/or national origin.

90.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

91.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

92.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

93.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT VI:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

94.

Plaintiff reincorpoates by reference paragraphs 15-64.

95.

Plaintiff engaged in protected conduct when he complained about race-based and national origin based discrimination.

96.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

97.

There was a causal connection between the protected conduct and the adverse action.

98.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

99.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and
           benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated
           Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof,
           and prohibiting Defendant from further unlawful conduct of the
           type described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted the 15th day of December, 2020.

BARRETT & FARAHANY

s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135
Grace A. Starling
Georgia Bar No. 464958
*Attorneys for Plaintiff Rachel Carney*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
amanda@justiceatwork.com
grace@justiceatwork.com